

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

---

| | |
|---|---|
| DONALD GRAHAM, PRO SE, § <br> A.K.A. DONALD BENJAMIN GRAHAM, § <br> TDCJ-CID #1175541, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> Dr. DAVID BASSE, § <br> § <br> Defendant. § | 2:06-CV-0295 |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff DONALD GRAHAM, also known as DONALD BENJAMIN GRAHAM, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendant and has been granted permission to proceed in forma pauperis.

By his November 17, 2006 amended complaint, plaintiff claims as follows:

Claim: One(1). Failure to treat inflamed inguinal area, due to fungus infection.
Claim No.: Two(2) Failure to administer pain medication in a timely manner.
Claim No: Three(3). Failure to treat me for chest pain due to acid reflux disease.
Claim No. Four(4) Forced standing for hours at a time in the cold, in violation of my medical restrictions. Patient prisoner remains in acute pain every hour of every day He has not had any medication in over a week Duty owed to patient is one of reasonable skill & care not deliberate indifference.

On May 19, 2007 the Magistrate Judge issued a Report and Recommendation that plaintiff's cause be dismissed without prejudice for failure to state a claim on which relief can be

granted and for failure to comply with an order of the Court, *i.e.*, the April 10, 2007 Show Cause Order[1].

Plaintiff filed his objections to the Magistrate Judge's Report and Recommendation on June 27, 2007. Plaintiff attached to his objections a document entitled "Supplemental Pleadings as Ordered by the Court." This document appears to be a proposed amended complaint, but is deficient because it is not accompanied by a motion for leave to amend, lacks a style and the appropriate title, and is denominated a supplemental pleading rather than an amended pleading. Further, the document consists primarily of inappropriate legal argument. Nevertheless, to the extent plaintiff is attempting to comply with the April 10, 2007 Show Cause Order, careful review of plaintiff's claims as set forth therein reveals they fall into two classes, claims concerning specific instances of disagreement between plaintiff and defendant Dr. BASSE over the appropriate treatment for various maladies and claims about matters in which plaintiff has not alleged actual involvement by defendant BASSE.

As to plaintiff's first and third claims against defendant Dr. BASSE, merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991). Further, claims of disagreement with the defendant over the method and result of medical treatment; does not require a finding of deliberate indifference. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Plaintiff disagrees with defendant's decision

---

[1] By the Show Cause Order, plaintiff was instructed he had not described how the defendant is involved in each claim he asserts. Further, he was told his complaints in attachments concerning the cold, the pill window, pill distribution procedures and inadequacies, references to lapses and changes in medication, and a general failure to properly shield plaintiff from the cold, it is clear plaintiff has failed to provide a clear and concise statement of his claims showing what defendant did and his entitlement to relief. Plaintiff was instructed to show cause why the instant cause should not be dismissed or to cure the pleading deficiencies noted. Plaintiff's 257 page subsequent pleading was not responsive in that it consisted of 250 pages of exhibits which plaintiff expected the Court to review and from which he felt the Court should construct his claims for him.

to discontinue his Omeprazole and utilize Ranitidine, which plaintiff says is a "generic," for treatment of plaintiff's acid reflux. Plaintiff's allegations in his "Supplemental Pleadings as Ordered by the Court" attached to his June 27, 2007 Objections show defendant BASSE placed plaintiff back on Omeprazole when he saw the Ranitidine was not effective. Plaintiff argues Dr. BASSE should have known Ranitidine would be ineffective because plaintiff had been on that medication in the past without satisfactory results. At best, this claim is one of medical negligence, if even that; however, "negligent medical care does not constitute a valid section 1983 claim." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Plaintiff's claim that defendant BASSE refused on three occasions to prescribe refills of the nystatin cream used to treat plaintiff's inguinal fungal infections is shown to be a claim that defendant Dr. BASSE waited to see if the condition would re-occur each time before prescribing more treatment with nystatin cream[2]. Thus, plaintiff says, the condition keeps returning. Further, plaintiff complains the pain medication he receives is ineffective treatment for his foot problems. These allegations show plaintiff's claim is actually one of a disagreement with his doctor over the method and result of treatment and does not show deliberate indifference to a serious medical need. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Plaintiff's claims against defendant Dr. BASSE are, at best, merely claims of medical negligence, if even that, and do not support a claim for relief under section 1983. Plaintiff's claims lack an arguable basis in law and are frivolous.

As to plaintiff's second and fourth claims, plaintiff has made no allegation that defendant Dr. BASSE sets policies for pill distribution or actually distributes medication, rather than

---

[2]See plaintiff's "Supplemental Pleadings as Ordered by the Court" attached to his June 27, 2007 Objections, at page 20.

providing a medical examination and prescribing medication. Plaintiff's stated wish to challenge the entire medical care delivery and pill distribution system[3] must fail because plaintiff has not alleged any way in which the named defendant, Dr. BASSE, is responsible for these aspects of plaintiff's medical care. Thus, with respect to these claims, plaintiff has failed to state a claim on which relief can be granted.

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff DONALD GRAHAM, also known as DONALD BENJAMIN GRAHAM, be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

---

[3] Plaintiff's "Supplemental Pleadings as Ordered by the Court" attached to his June 27, 2007 Objections, at page 18.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this 27th day of March, 2008.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE